**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SCOTT T. HACKER, *Individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRIC LAST MILE SOLUTIONS INC., *formerly known as* FORUM MERGER III CORP., JAMES TAYLOR, JASON LUO, DAVID BORIS, MARSHALL KIEV, ALBERT LI, and ROBERT SONG,<br><br>Defendants. | Civil Action No.<br><br>22-545 (CCC) (LDW) |
| PIERRE FONTAINE, *Individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRIC LAST MILE SOLUTIONS INC., formerly known as FORUM MERGER III CORP., JAMES TAYLOR, JASON LUO, DAVID BORIS, MARSHALL KIEV, ALBERT LI, and ROBERT SONG,<br><br>Defendants. | Civil Action No.<br><br>22-1902 (CCC) (LDW) |

**ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND APPROVING LEAD COUNSEL**

**THIS MATTER** having come before the Court by way of the Motions of Pierre Fontaine and Michael Gebman for Consolidation of the above-captioned related actions pursuant to Fed. R.

Civ. P. 42(a) (ECF Nos. 6, 7)[1] and Jun Zheng's unopposed Motion to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel (ECF No. 5); and

**WHEREAS** the above-captioned securities class actions have been filed against Electric Last Mile Solutions, Inc. f/k/a Forum Merger III Corp., James Taylor, Jason Luo, David Boris, Marshall Kiev, Albert Li, and Robert Song (collectively "Defendants"), alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder; and

**WHEREAS** the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B)(ii), requires the Court to determine whether to consolidate pending related actions; and

**WHEREAS**, under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when actions involve common questions of law or fact; and

**WHEREAS** the Court finds that the above-captioned securities class actions are substantially similar, as they allege similar violations of law and arise from a common nucleus of facts and circumstances – the dissemination of materially false and misleading statements concerning defendants' operating and financial results; and

**WHEREAS** the PSLRA requires the Court, upon making a consolidation determination, to appoint the most adequate plaintiff as lead plaintiff for the consolidated actions; and

**WHEREAS** pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 3, 2022, a notice was properly issued to potential class members of the action informing them of, *inter alia*,

[1] All citations to "ECF No." refer to the docket of 22-cv-545, unless otherwise specified.

their right to move to serve as lead plaintiff within 60 days of the date of the issuance of said notice; and

**WHEREAS**, on April 4, 2022, movant Jun Zheng ("Movant") timely moved the Court for appointment as lead plaintiff and to approve his selection of counsel (ECF No. 5); and

**WHEREAS**, on April 4, 2022, competing motions to appoint lead plaintiff and lead counsel were filed by Pierre Fontaine and Michael Gebman (ECF Nos. 5, 6); and

**WHEREAS,** on April 18, 2022, Michael Gebman and Pierre Fontaine filed notices of non-opposition to competing lead plaintiff motions (ECF Nos. 9, 10), thereby rendering Movant's instant motion unopposed; and

**WHEREAS** the PSLRA, provides, *inter alia*, that the most-adequate plaintiff to serve as lead plaintiff is the person or group of persons that has either filed a complaint or has made a motion in response to a notice, and has the largest financial interest in the relief sought by the Class, and satisfies the pertinent requirements of Fed. R. Civ. P. 23; and

**WHEREAS,** the Court finding that Movant properly made a motion in response to the PSLRA notice (ECF No. 5), has the largest financial interest in this action, and *prima facie* satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I),

**IT IS** on this day, April 22, 2022:

**ORDERED** that the portions of the motions of Pierre Fontaine and Michael Gebman seeking consolidation are hereby granted (ECF Nos. 6, 7); and it is further

**ORDERED** that the above-captioned actions, and any subsequently filed or transferred related actions are hereby **CONSOLIDATED** for all purposes (hereinafter, the "Action"); and it is further

**ORDERED** that this Order shall apply to this Action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court, and is consolidated with the Action; and it is further

**ORDERED** that a Master File shall be established for this proceeding. The Master File shall be Civil Action No. 22-cv-545 and the Clerk shall file all pleadings in the Master File and note such filings on the Master Docket. All pleadings in the Action shall have the following caption: IN RE ELECTRIC LAST MILE SOLUTIONS, INC. SECURITIES LITIGATION; and it is further

**ORDERED** that a Consolidated Amended Complaint shall be filed within 30 days of entry of this Order; and it is further

**ORDERED** that each new case that arises out of the subject matter of the Action shall be consolidated with the Action. This Order shall apply thereto, unless a party objects to consolidation (as provided for herein), or to any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party by filing an application for relief, and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of defendants' right to object to the consolidation of any subsequently-filed or transferred related action; and it is further

**ORDERED** that the Movant Jun Zheng's Motion to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel (ECF No. 5) is hereby granted; and it is further

**ORDERED** that, pursuant to 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), Movant is appointed as Lead Plaintiff of the class, given that Movant has the largest financial interest in the litigation and otherwise satisfies the requirements of Fed. R. Civ. P. 23; and it is further

**ORDERED** that Movant's choice of counsel is approved, and accordingly, The Rosen Law Firm, P.A. is appointed as Lead Counsel; and it is further

**ORDERED** that The Rosen Law Firm, P.A., as Lead Counsel, shall hereinafter manage the prosecution of this litigation; and it is further

**ORDERED** that Lead Counsel shall avoid duplicative or unproductive activities and is hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) to prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Lead Plaintiff and the Class; and it is further

**ORDERED** that the Clerk of Court shall terminate the motions at ECF Nos. 5, 6, and 7 in 22-cv-545 and ECF No. 3 in 22-cv-1902.

Dated: April 22, 2022

Leda Dunn Wettre

Hon. Leda Dunn Wettre
United States Magistrate Judge